**TRINITY INDUSTRIES, INC. and the Texas A & M University System, Plaintiffs,**

v.

**ROAD SYSTEMS, INC., Interstate Steel Corporation, Kaddo Kothmann, Safety by Design, Inc., John D. Reid, Dean L. Sicking, and Kothmann Enterprises, Inc., Defendants.**

**Case No. 1:98–CV–1623.**

United States District Court,
E.D. Texas,
Beaumont Division.

Dec. 12, 2002.

Russell Clay Brown of Wellborn, Houston, Adkison, Mann, Sadler & Hill, Henderson, TX, Guy Vincent Manning, Fort Worth, TX, Vincent Jerome Allen, Duke Wieder Yee, and Casey L. Griffith of Carstens, Yee & Cahoon, Dallas, TX, Steven E. Ross of Gardere Wynne & Sewell, Dallas, TX, Linda Ibach Shaunessy, Attorney General's Office, Austin, TX, for Plaintiffs.

Max Lalon Tribble, Jr. of Susman, Godfrey, LLP, Charles J. Rogers, Houston, TX, B. Trent Webb, J. David Wharton, James H. Marsh Jr. & Bart A. Starr of Shook, Hardy & Bacon, Kansas City, MO, Blaine Douglass Edwards, Peter Emmanuel Strand of Shook, Hardy & Bacon, Houston, TX, Drew Mouton of Mouton & Mouton, Big Springs, TX, Robert L. Nefsky of Rembolt, Ludtke & Berger, Lincoln, NE, for Defendants.

### ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION OF CLAIM CONSTRUCTION OF U.S. PATENT No. 4,928,928

SCHELL, District Judge.

This matter is before the court on "Plaintiffs' Motion and Brief for Reconsideration of Claim Construction of U.S. Patent No. 4,928,928" filed by Plaintiffs Trinity Industries, Inc. ("Trinity") and The Texas A & M University System ("TAMU") (collectively "Plaintiffs") on May 8, 2002 (Dkt.# 226). Defendants Road Systems, Inc., Interstate Steel Corporation, Kaddo Kothmann, Safety by Design, Inc., John Reid, and Dean Sicking (collectively "Defendants") filed a response on May 28, 2002 (Dkt.# 257). Plaintiffs replied on June 3, 2002. Defendants filed

a sur-reply on June 10, 2002 (Dkt.# 290). After consideration of the arguments of the parties and the applicable law, the court is of the opinion that Plaintiffs' motion for reconsideration should be DENIED.

## I. *Background*

Plaintiffs filed their complaint on May 22, 1998, alleging infringement by Defendants of U.S. Patent No. 4,928,928 ("the '928 patent"). The court scheduled a two-part *Markman* hearing to construe the claims of the '928 patent. The first part was to consider intrinsic evidence. The court was to consider extrinsic evidence in the second part. After conducting the first stage of the *Markman* hearing on July 22, 1999, the court determined that the claims were unambiguous, and, therefore, the second part was not needed. On September 20, 2000, the court issued its "Memorandum Opinion and Order Construing the Claims of U.S. Patent 4,928,-928." *See Trinity Indus., Inc. v. Road Sys., Inc.*, 121 F.Supp.2d 1028 (E.D.Tex. 2000). Now, two years later, following the close of discovery, Plaintiffs ask the court to reconsider its previous claim construction.

## II. *Analysis*

Plaintiffs contend that they have discovered new evidence that requires the alteration of the court's previous interpretation. The new evidence is a declaration by Dr. Roger Bligh, a civil engineer, that attempts to explain the laws of physics differently than the understanding the court had two years ago. According to Plaintiffs, this "new evidence shows that the Court's previous claim construction was based on an incomplete understanding of the physics of guardrail end terminals as

understood by those skilled in the art." *Pls.' Mot. for Recons.* at 8. Defendants argue that the new evidence is merely a new wording of a previously rejected theory. *Defs.' Resp. to Pls.' Mot. for Recons.* at 4. Defendants further argue that Dr. Bligh's declaration is extrinsic evidence by an interested witness, and therefore, should not be considered. *Id.* at 7–10.

■  The new evidence proffered by Plaintiffs' is undoubtedly extrinsic. *See Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1584 (Fed.Cir.1996) ("Extrinsic evidence is that evidence which is external to the patent and file history, such as expert testimony, inventor testimony, dictionaries, and technical treatises and articles."). "In most situations, an analysis of the intrinsic evidence alone will resolve any ambiguity in a disputed claim term. In such circumstances it is improper to rely on extrinsic evidence." *Id.* at 1583. That was exactly the situation in the instant case. The court found, after extensive analysis, that only intrinsic evidence was needed.

■  However, even considering Plaintiffs' new extrinsic evidence in the form of the declaration of Dr. Bligh, the court is of the opinion that its construction of the term "squeezing extruder throat" on page 19 of its memorandum opinion and order dated September 20, 2000, is correct. *See* 121 F.Supp.2d at 1041. That is, the "squeezing extruder throat" is "a passageway or channel that ... flattens a W-beam guardrail by using the energy of an impacting vehicle to force the guardrail through the throat, where the *flattening is caused by passing through a width of the throat that is narrower*, in at least one dimension, than the width of the unflattened guardrail." *Id.* (emphasis added).

The Plaintiffs request the court to "modify" its construction of the term "squeezing extruder throat" to be "a passageway or channel which, when a guardrail is forced through it, causes the guardrail to *flatten by the guardrail bearing against the walls of the passageway or channel." Pls.' Mot. for Recons.* at 8 (emphasis added). This language proposed by the Plaintiffs is not inconsistent with the court's construction of the term except that this language omits the statement that the throat narrows to a width narrower than the unflattened guardrail. Obviously, in order for the guardrail to flatten by "bearing against the walls of the passageway or channel", the passageway or channel must at some point become narrower than the unflattened guardrail so that "bearing" takes place. The court's original construction makes explicit what must be implicit in the Plaintiff's proposed modification. Therefore, the court declines to adopt the Plaintiffs' proposed modification.

III. *Conclusion*

After considering the motion, response, reply, and sur-reply, the court concludes that "Plaintiffs' Motion for Reconsideration of Claim Construction of U.S. Patent No. 4,928,928" should be DENIED.

It is so ORDERED.